IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **TERRY BELL** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | **CIVIL ACTION NO. 3:15-cv-938** |
| **DALCOM CORPORATION, d/b/a** § | |
| **ROYAL INN HOTEL, and KAMLESH** § | |
| **PATEL, individually,** § | |
| § | |
| Defendants. § | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants, Dalcom Corporation, d/b/a Royal Inn Hotel and Kamlesh Patel, file this notice of removal under 28 U.S.C. §§ 1131, 1441, and 1446(a).[1]  Defendants hereby remove this action from the 14th Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division, and would show as follows:

### A.   INTRODUCTION

1. The Lawsuit was filed in the District Court of Dallas County, Texas on December 30, 2014 as cause No. DC-14-15043 under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("FLSA").

2. Defendants were served with the suit on February 24, 2015.  Defendants file this notice of removal within the 30-day time period required by 28 U.S.C. § 1446(b).  *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

---

[1] By removing this proceeding, Defendants do not waive, and shall not be deemed to have waived any available defenses or rights.

## B. BASIS FOR REMOVAL

3. Removal is proper because Plaintiff's suit involves a federal question. 28 U.S.C. §§ 1331, 1441; *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 208, 312 (2005). "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Typically, a case will implicate federal question jurisdiction if "there appears on the face of the complaint some substantial disputed question of federal law." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir.1995) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 12 (1983)). A claim under the FLSA arises under federal law. *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 694 (2003). Therefore, Defendants in this civil action may properly remove a FLSA claim to federal court under 28 U.S.C. §§ 1331, 1441. Removal is proper pursuant to 28 U.S.C. §§ 1331, 1441 because Plaintiff s claim involves a federal question arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Therefore, removal is therefore proper.

4. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed, as it is filed within thirty (30) days of Defendants being served Plaintiff's Original Petition on February 24, 2015.

5. All Defendants consent to the removal of this matter to the United States District Court for the Northern District of Texas, Dallas Division.

6. Copies of all pleadings, process, orders, and other filings in the state-court suit are attached to this notice as required by 28 U.S.C. § 1446(a). Defendants have attached to this Notice of Removal an appendix containing: (1) an index of all documents filed in the state-court action that clearly identifies each document and indicates the date the document was filed; (2) a

copy of the docket sheet in the state-court action; (3) a copy of all process, pleadings, and orders served upon Defendants in such action and each document filed in such action; and (4) a separately signed certificate of interested persons that complies with Local Rule 3.1(c) or 3.2(e).

7.  Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district.

8.  Defendants will promptly file a copy of this notice of removal with the clerk of the state court where the suit has been pending, which is Dallas County, Texas. *See* 28 U.S.C. § 124(a)(1). Defendants also provided a copy to Plaintiff on the same day this Notice of Removal was filed.

### C. JURY DEMAND

Plaintiff demanded a jury in the state-court suit.

### D. CONCLUSION

Pursuant to 28 U.S.C. § 1446(a), Defendants hereby remove the state-court action, *Terry Bell v. Dalcom Corporation, d/b/a Royal Inn Hotel, and Kamlesh Patel*, Cause No. 14-15043, to the United States Federal District Court of the Northern District of Texas, Dallas Division.

DATED:  March 25, 2015					Respectfully submitted,

**THE BHATTI LAW FIRM, PLLC**

*/s/ Vincent J. Bhatti*
**VINCENT J. BHATTI**
State Bar No. 24055169
**DITTY S. BHATTI**
State Bar No. 24062803
14785 Preston Road
Suite 550
Dallas, TX 75254
Telephone: (214) 253-2533
Facsimile: (214) 204-0033
vincent.bhatti@bhattilawfirm.com
ditty.john@bhattilawfirm.com

**ATTORNEYS FOR DEFENDANTS
DALCOM CORPORATION, D/B/A
ROYAL INN HOTEL AND
KAMLESH PATEL**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon the following counsel of record via facsimile in accordance with Rule 5, Federal Rules of Civil Procedure, on this 25th day of March, 2015.

Robert Lee
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 325
Dallas, TX 75202
Facsimile: (214) 749-1010

*/s/ Vincent J. Bhatti*
Vincent J. Bhatti